UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN SHERMAN, et al.<br><br>    Defendants. | Case No.: 1:17-cv-00721-AWI-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 9)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Kasey F. Hoffmann ("Plaintiff") is a state prisoner of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 18, 2017, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 8.) Plaintiff's first amended complaint, filed on January 22, 2018, is currently before the Court for screening.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Warden Sherman; and (2) C. Ramos, SSA.

In Claim 1, Plaintiff alleges as follows:

> I [tried] to use the appeals process to get a "Hard 19" or administrative determination off me for only a "alleged" kidnapping. I was never found guilty of it in a court of law only charged with it. Under the provisions of Amendment 5 of the Constitution, this is against my rights, in that I'm being punished for only an allegation of law not fact. I [tried] to use the appeal process as I was told by my counsler [sic] in DVI and C. Ramos SSA continual denys [sic] me my Constitutional right to [grievance] of a government by denying my Appeals with underground regulations. By the use of these underground regulations, C. Ramos has effectively mooted my right for government redress, to the all ready depravation [sic] of due process of law, equal protection for being punished in any manner for only a allegation of crime where in a [plethora] of constitutional violations are in occurance [sic]. These intentional acts of stating in her or his of cancelling or rejecting my appeals for rules that don't even exist, in that supporting documents are not a mandate, or can not attach documents staff fails to provide a copy of[.

(ECF No. 9 at pp. 3-4.)

In Claim 2, Plaintiff alleges as follows:

> Plaintiff brought the afor [sic] mentioned problems in claim one that deals with C. Ramos-SSA-intentional use of underground regulations, intentional denial to a grievance procedure to correct other constitutional rights. I brought these issues to the Warden as CEO of this business, in hopes he would fix the intentional insubordination of C. Ramos. Stu Sherman's intentional omission to not correct the problem makes him an active person in the depravation [sic] of Constitutional rights, in not fixing the problem. I even went as far as to ask M. Voong Chief of Office of Appeals. None of these persons found that the intentional impingement of my right warranted their attention or that of legislation intent by way of the U.S. Constitution or that of CCR Title 15. This problem continues and is unresolved, and I have come to this court for vindication of my rights.

(*Id.* at pp. 4-5.) As relief, Plaintiff seeks compensatory and punitive damages, along with criminal charges against the defendants under the California Penal Code.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

As with his original complaint, Plaintiff's amended complaint is not a plain statement of his claims. Plaintiff's allegations are disjointed and conclusory, lacking dates and other necessary factual information. Although Plaintiff has been unable to cure this deficiency, Plaintiff will be given one final opportunity to amend his complaint to state a cognizable claim. In any amended complaint, Plaintiff should clearly and succinctly state what happened, when it happened and who was involved.

#### B. Supervisory Liability

Insofar as Plaintiff seeks to hold Warden Sherman (or the Office of Appeals Chief) liable based on his supervisory role, Plaintiff may not do so. Liability may not be imposed on supervisory

3

personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. Cty. of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has failed to include factual allegations demonstrating that Warden Sherman participated in the constitutional violations or otherwise implemented a deficient policy. Plaintiff has not adequately demonstrated that Warden Sherman engaged in any culpable action or inaction or otherwise had knowledge of, or acquiesced in, any constitutional deprivation by his subordinates. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) ("A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."). This is particularly true given that Plaintiff has been unable to allege an underlying constitutional violation by any defendant.

### C. Inmate Appeals

Plaintiff asserts a violation of his rights based on the processing and denial of his inmate grievances by Defendant Ramos. However, as Plaintiff was previously informed, he cannot pursue any claims against CDCR staff or Defendant Ramos relating to the processing and review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). At all times plaintiff retained the option of commencing a civil action on a specific

4

substantive claim that he had attempted to exhaust through the prison's grievance system but for which he contends administrative remedies were effectively unavailable. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (administrative remedies plainly unavailable if grievance was screened out for improper reasons).

### D. Administrative Determination

Plaintiff appears to be asserting a new claim that an administrative determination ("Hard 19") relative to an alleged kidnapping violated his Fifth Amendment protection against double jeopardy and his Fourteenth Amendment due process and equal protection rights. Although Plaintiff was notified that he could not bring any new claims in his amended complaint, the Court will nonetheless screen this claim.

#### 1. Double Jeopardy

The Fifth Amendment's Double Jeopardy Clause "protects against multiple punishments for the same offense." *United States v. Di Francesco*, 449 U.S. 117, 129 (1980). However, double jeopardy protections are not implicated here because those protections only apply in criminal proceedings. *See Breed v. Jones*, 421 U.S. 519, 528 (1975); *see also United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (holding that the Double Jeopardy Clause does not apply to a prison's administrative determination that disruptive conduct requires transfer to a higher security facility). Accordingly, Plaintiff's allegations do not state a claim under the Double Jeopardy Clause.

#### 2. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. *See Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

The nature of Plaintiff's due process claim is not entirely clear. Although he refers generally to an administrative determination or "Hard 19," the Court cannot ascertain the liberty interest for which protection is sought or even the results of the "administrative determination." Plaintiff will be given leave to amend this claim. In so doing, Plaintiff should identify the liberty interest at stake, the administrative determination at issue, and the consequences of that administrative determination to Plaintiff's confinement.

### 3. Equal Protection

Plaintiff alleges that Defendants are violating his rights under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by demonstrating that the defendant intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class, such as race. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Where no suspect class or fundamental right is implicated, a plaintiff's equal protection claims are subject to a rational basis review. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Juvenile Male*, 670 F.3d at 1009; *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Plaintiff has failed to establish that he is a member of a protected class or that he was otherwise discriminated against by any of the named defendants. Plaintiff's conclusory allegations that his Equal Protection rights have been violated are not sufficient to state a cognizable claim.

///

///

### E. Unlawful Detention

To the extent Plaintiff is attempting to challenge his conviction or the validity of his continued confinement, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

### IV. Conclusion and Order

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a **final** opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 29, 2018**        /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE