1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11 | KASEY F. HOFFMANN,                        )  Case No.: 1:17-cv-00721-LJO-BAM (PC)
                                                )
12 |            Plaintiff,                       )  FINDINGS AND RECOMMENDATIONS
                                                )  REGARDING DISMISSAL OF ACTION FOR
13 |     v.                                      )  FAILURE TO STATE A CLAIM
                                                )
14 | WARDEN SHERMAN, et al.                      )
                                                )  (ECF No. 13)
15 |            Defendants.                      )
                                                )  FOURTEEN-DAY DEADLINE
16                                               )
                                                )
17 |_____            )

18          Plaintiff Kasey F. Hoffmann ("Plaintiff") is a state prisoner of the California Department of

19 Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis in this civil rights

20 action pursuant to 42 U.S.C. § 1983.   On January 29, 2018, the Court screened Plaintiff's first

21 amended complaint and granted him leave to amend.  (ECF No. 11.)  Plaintiff's second amended

22 complaint, filed on March 8, 2018, is currently before the Court for screening.  (ECF No. 13.)

23      **I.      Screening Requirement and Standard**

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25 governmental entity and/or against an officer or employee of a governmental entity.   28 U.S.C. §

26 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

27 malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

28 from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Warden Sherman; (2) C.S.R. Representatives in Sacramento, California; and (3) BPH Board.

In Claim 1, Plaintiff alleges as follows:

CSR Reps in 2003 placed a "administrative determination" (Hard 19) for an allegation of kidnapping. When the plaintiff was going to court for the alleged kidnapping it was dismissed by the court due to lack of evidence to obtain a conviction. CSR nor CDCR never notified the plaintiff that such an adverse and crippling determinant would be placed agianst the plaintiff. By no fault of the plaintiff and no factual evidence, or the standard of some evidence a completely capricious, and arbitrary administrative determinant was placed on the plaintiff with no fact. Under CCR title 15 33752(b)(29)(B) gives authority to the BPH to punish me, or use agianst me an allegation that was dismissed in a court of law; with no due process of law, or equal protection of inocent untill proven guilty beyond a reasonable doubt. In January, February, March, October, August plaintiff tryed to exercise his First amendment right for grievence of a governmental redress. CDCR is a state entity, and denial of my grievence thats not in accordance with the California Penal Code that regulates a state prisons conduct; improper denials moot the first amendment right of a Governmental redress of a State

Government, moreover under the PLRA, the failer to address my appeal within state law barns me from the court.

(ECF No. 13 at pp. 3-4) (unedited text).

In Claim 2, Plaintiff alleges as follows:

In accordance with the title 15 3320 I am to be notified whenever any adverse action is taken aginst me. When I address my due process being violated to C. Ramos SSA, due to the unconstitutional acts of the CSAR; in a personal letter to the Warden here, the CEO of this business, I informed him that my due process rights were being violated, in that C. Ramos effectively mooted my right for government grievence for redress that the C.S.R. and B.P.H. are breaking the Constitutional law of due process and equal protection of law. My equal protection being that a citizen of this country can not be punished, or adversly effected (administrative determination) for a alleged allegation of a crime; plaintiff had a kidnapping dismissed in 2003 for lack of evidence to prosecute. Only being charged with it and later the Court dismissed it. This charge is what the C.S.R. and B.P.H. have unlawfully played Judge, Jury, and executioner for a allegation? not a crime, act, or conviction by the plaintiff only a allegation of a alleged crime that was charged. I was never notified, or had an opertunity to explain why it was dismissed. Only adversley effected, being put around high level Criminals, like, murderers, rapeist, sex offenders. This has effected my over all well being, where I now suffer from P.T.S.D., social anxiety disorder, bi-polar and deep rooted trust issue that make it hard to function daily because of this violation of due process, equal protection and being punished for a crime that was completely dismissed by the court. No citizen would suffer the same.

(*Id.* at pp. 4-5) (unedited) As relief, Plaintiff seeks an injunction, along with compensatory and punitive damages.

## III. Discussion

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

As with his original complaint, Plaintiff's second amended complaint is not a plain statement of his claims. Plaintiff's allegations are disjointed and conclusory, lacking dates and other necessary factual information. Plaintiff does not clearly and succinctly state what happened, when it happened and who was involved, nor does Plaintiff explain how his constitutional rights were violated by defendants. Plaintiff has been unable to cure this deficiency.

**B. Supervisory Liability**

Insofar as Plaintiff seeks to hold Warden Sherman (or any other defendant) liable based on his supervisory role, Plaintiff may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. Cty. of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has failed to include factual allegations demonstrating that Warden Sherman participated in the constitutional violations or otherwise implemented a deficient policy. Plaintiff has not adequately demonstrated that Warden Sherman engaged in any culpable action or inaction or otherwise had knowledge of, or acquiesced in, any constitutional deprivation by his subordinates. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) ("A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."). This is particularly true given that Plaintiff has been unable to allege an underlying constitutional violation by any defendant.

///

4

### C. Inmate Appeals

Plaintiff asserts a violation of his rights based on the processing and denial of his inmate grievances. However, as Plaintiff was previously informed, he cannot pursue any claims against CDCR staff relating to the processing and review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). At all times, plaintiff retained the option of commencing a civil action on a specific substantive claim that he had attempted to exhaust through the prison's grievance system but for which he contends administrative remedies were effectively unavailable. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (administrative remedies plainly unavailable if grievance was screened out for improper reasons).

### D. Administrative Determination

Plaintiff appears to be asserting claims based on the administrative determination ("Hard 19") relative to an alleged kidnapping.

#### 1. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. *Id.* A prisoner does not have a right to a particular classification or custody level under the Due Process Clause. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir.2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987) ("'[A] prisoner has no constitutional right to a particular classification status.'") (quoting *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976)). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Plaintiff complains that the Hard 19 can be used against him by CSR and BPH, but there is no assertion that the administrative designation has, in fact, resulted in an atypical or significant hardship. That Plaintiff is housed in prison with certain criminals, such as rapists and murderers, is not sufficient to state a claim. Indeed, an inmate has no constitutional right to a particular prison. *See Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions). Plaintiff does not have a constitutional right to any particular classification. S*ee also* Myron, 476 F.3d at 718 (rejecting an Eighth Amendment claim based on alleged improper classification to a Level IV prison because "the mere act of classification" does not amount to the infliction of pain). There is no assertion that Plaintiff was not properly convicted of a crime subjecting him to confinement in prison. However, to the extent Plaintiff is attempting to challenge his conviction or the validity of his continued confinement, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

## 2. Equal Protection

Plaintiff alleges that Defendants are violating his rights under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by demonstrating that the defendant intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class, such as race. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Where no suspect class or fundamental right is implicated, a plaintiff's equal protection claims are subject to a rational basis review. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Juvenile Male*, 670 F.3d at 1009; *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification,

to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Plaintiff has failed to establish that he is a member of a protected class or that he was otherwise discriminated against by any of the named defendants. Plaintiff's conclusory allegations that his Equal Protection rights have been violated are not sufficient to state a cognizable claim.

### IV.    Conclusion and Recommendation

Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies of his complaint and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __April 2, 2018__                  ___/s/ Barbara A. McAuliffe___

UNITED STATES MAGISTRATE JUDGE